**Julius Darius JONES, Petitioner–Appellant,**

v.

**Anita TRAMMELL, Warden, Oklahoma State Penitentiary, Respondent–Appellee.**

No. 13–6141.

United States Court of Appeals, Tenth Circuit.

Jan. 30, 2015.

Mark Barrett, Law Office of Mark H. Barrett, Norman, OK, Madeline S. Cohen,

---

Office of the Federal Public Defender, Denver, CO, for Petitioner–Appellant.

Jennifer L. Crabb, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before BRISCOE, Chief Judge, and O'BRIEN, Circuit Judge.

## ORDER

This matter is before the court on appellant's *Petition for Rehearing and Suggestion for Rehearing En Banc.* It requests that all of the panel members recuse. We also have a response from the appellee, and a pending motion from the Ethics Bureau at Yale to file a brief amicus curiae in support of the petition. On January 29, 2015, the appellee filed an objection to the motion.

The petition raises a recusal issue, and does not challenge the Court's rulings on the merits. Upon review of both the petition and response, and effective January 26, 2015, Judge Holmes recused himself from this matter and did not participate in consideration of the petition for rehearing. The remaining panel members, who have no reason to recuse, have considered the merits of the request for panel rehearing, as well as 28 U.S.C. § 455(a). Consequently, and upon consideration, the petition for panel rehearing is granted.

In determining the proper remedy for a violation occurring under § 455(a), the Supreme Court has suggested three factors are relevant. They include 1) the risk of injustice to the parties in the case, 2) the risk that the denial of relief will produce injustice in other cases, and 3) the risk of undermining the public's confidence in the judicial process. *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Because we conclude the issue raised in the petition might meet the third of these criteria, we further conclude that the matter should be reassigned to a new panel to avoid any appearance of impropriety.

In granting panel rehearing, therefore, we direct that the original panel decision and the judgment, both dated December 5, 2014, be vacated. This appeal will be randomly assigned to a new three-judge panel who will consider the issues anew. In light of our decision to grant the request for panel rehearing, the suggestion for en banc consideration is denied as moot. Likewise, we also deny as moot the pending motion from the Ethics Bureau at Yale.

The Clerk is directed to take all necessary procedural steps to effectuate the directives in this order. The parties will be advised of a new oral argument date via separate order, and when that calendar is set.